IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : : : | |
| v. | : : | Criminal Action No. 07-34-SLR |
| TONY CLARK, | : : | |
| Defendant. | : | |

**DEFENDANT'S MOTION IN LIMINE**

The defendant, Tony Clark, through undersigned counsel, Eleni Kousoulis, hereby moves this Honorable Court for an Order: (1) precluding Officer Wilkers from testifying at trial to his conclusion that Mr. Clark was "loitering" when he observed Mr. Clark in the area of E. 5th Street and N. Pine Street in Wilmington, Delaware on February 28, 2007; and (2) excluding any lay witnesses from making any in-court identification of Mr. Clark as the person they observed running from police or throwing an unknown object over the wooden fence in the alley.[1]

As grounds for this motion, the defense submits as follows:

Mr. Clark is charged in a one count Indictment with Felon in Possession of a Firearm, in

---

[1] The government intends to call a witness named Hector (whose last name is unknown to the defense counsel) at trial to make an in-court identification of Mr. Clark as the person the witness allegedly observed throw an object over a wooden fence in an alley, and to further testify that when this witness later looked through the space between the board of the fence he observed a gun. Defense counsel is not aware of any out-of-court identification that was ever made by this witness of Mr. Clark. Should it be disclosed that there was an out-of-court identification of Mr. Clark made by this witness, defense counsel reserves the right to file a Motion to Suppress Identification should the filing of such motion be necessary based on the facts surrounding the identification.

violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Trial in this matter is scheduled to begin on October 15, 2007.

**(1)     Officer Wilkers Should be Precluded from Testifying to His Conclusion That Mr. Clark was "Loitering".**

Mr. Clark respectfully requests that the Court preclude Officer Wilkers from testifying at trial to his conclusion that Mr. Clark was "loitering" when he observed Mr. Clark in the area of E. 5th Street and N. Pine Street in Wilmington, Delaware on February 28, 2007, prior to Mr. Clark's arrest. There is insufficient evidence upon which to conclude that Mr. Clark was loitering at the time he was initially approached by Officer Wilkers. Mr. Clark was simply standing on a public street at 10:00 a.m. The term "loitering" has a negative connotation, and leaves the impression that Mr. Clark was in the location for an improper, and perhaps illegal, purpose. It is also a conclusionary statement with no probative value, which due to its negative connotation, is prejudicial to Mr. Clark, and should therefore be precluded.

**(2)     Exclusion of Any In-Court Identification of Mr. Clark as the Person Observed Running From Police and Throwing an Unknown Object Over a Wooden Fence in the Alley.**

Following the telephonic scheduling conference in this case on June 28, 2007, the government informed defense counsel that it would be calling a witness at trial to make an in-court identification of the defendant as the person the witness observed allegedly throw an object over a wooden fence in an alley. Defense counsel verbally requested the name and address of this witness, as well as any statements given to law enforcement with regard to this witness' observations. Defense counsel requested this information on several occasions, including following the telephonic conference in June, in two letters dated July 27, 2007 and September 5, 2007, and twice again verbally in the beginning of September, 2007. On the afternoon of September 20, 2007, defense

counsel was provided with the witness' first name (Hector)[2] and a summary of the statement that was taken from Hector by Agent Patrick Fyock.

In Stovall v. Denno, 388 U.S. 293 (1967), the Supreme Court recognized a due process right to exclude identification evidence resulting from unnecessarily suggestive procedures which undermine the identification's reliability and creates a substantial risk of misidentification. Government of Virgin Islands v. Riley, 973 F.2d at 228 (3rd Cir. 1992); United States v. Dowling, 8S5 F.2d 114, 117 (3rd Cir. 1988), aff'd, 493 U.S. 342 (1990); Neil v. Biggers, 409 U.S. 188, 198-99 (1972). The Third Circuit in Reese v. Fulcomer, 946 F.2d 247, 258 (3rd Cir. 1991), articulated the standard of a "very substantial likelihood of irreparable misidentification" (quoting Manson v. Brathwaite, 432 U.S. 98, 116 (1977). Moreover, if the suggestiveness undermines the reliability of a proposed in-court identification, such an identification may not be elicited, Manson, supra.

In the present case, any in-court identification elicited from Hector would be unreliable and highly prejudicial. The incident in this case, and therefore Hector's observations, took place in February of 2007, over 7 months ago. Hector did not know the person he allegedly saw throw an object over the fence, and no evidence has been presented to indicate that Hector has ever made any type of post-arrest identification of this person, or that Hector has seen this person since. Having Hector make an in-court identification in this case, with it obvious that the person seated next to defense counsel (which will be Mr. Clark) is on trial for this crime, would be highly suggestive and create a substantial risk of misidentification. In this case the suggestiveness would undermine the

---

[2] Defense counsel requested Hector's last name and address from the government but the government would not provide this information to defense counsel. For this reason, Hector is simply referred to as "Hector" in this motion.

accuracy or reliability of any proposed in-court identification, and as such, any in-court identification by Hector should be precluded.

WHEREFORE, for the foregoing reasons, Mr. Clark respectfully requests that the Court issue an Order: (1) precluding Officer Wilkers from testifying at trial to his conclusion that Mr. Clark was "loitering" when he observed Mr. Clark in the area of E. 5th Street and N. Pine Street in Wilmington, Delaware on February 28, 2007; and (2) excluding any lay witnesses from making any in-court identification of Mr. Clark as the person they observed running from police or throwing an unknown object over the wooden fence in the alley.

Respectfully submitted,

/s/
Eleni Kousoulis, Esq.
Assistant Federal Public Defender
704 King Street, Suite 110
Wilmington, DE  19801
(302) 573-6010
ecf_de@msn.com
Attorney for Defendant Tony Clark

Dated: September 24, 2007

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Criminal Action No. 07-34-SLR |
| TONY CLARK, | : | |
| Defendant. | : | |

## **ORDER**

The Court having considered Defendant Tony Clark's Motion in Limine, good cause having been shown therefore;

IT IS HEREBY ORDERED this _____ day of _____, 2007, that Officer Wilkers be precluded from testifying that Mr. Clark was loitering. IT IS FURTHER ORDERED that any in-court identification at trial of Mr. Clark by any lay witnesses shall be precluded.

                                             _____
                                             Honorable Sue L. Robinson
                                             United States District Court Judge