IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal Action No. 07-34-SLR |
| ) | |
| TONY CLARK, ) | |
| ) | |
| Defendant. ) | |

### GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE

The Government replies to the defendant's request in the following manner:

### The use of the term "loitering" by Officer Wilkers.

Defendant requests that Officer Wilkers be precluded from using the term "loitering" when describing his impression of the acts of the defendant on the date in question. The Government will not use the term "loitering" during its direct examination of the officer. The Government expects to elicit, among other things, the following facts from Officer Wilkers:

(1) That Officer Wilkers drove past the defendant on three occasions around 10a.m. on the day in question.

(2) The defendant was in the same spot each time the Officer drove past.

(3) Because of the day, time of day, and the fact that the defendant was standing near an elementary school, Officer Wilkers decided, on the fourth pass, to stop and approach the defendant.

(4) Officer Wilkers approach the defendant and asked to speak with him. The defendant began to walk backwards and then fled.

In essence, the Government intends to illicit testimony from the Officer as to what he saw that day, as well as why he approached the defendant. The Government can accomplish this task without resorting to the use of the term "loitering."

However, should the defendant engage in a line of cross-examination that calls into question the reasoning for the stop or the legality of the stop, the Government reserves the right to question the Officer regarding the Delaware statute regarding loitering, the elements of that statute, and if, based on his training and experience enforcing that statute, the defendant's actions fit the definition of "loitering" as described in the Delaware Criminal Code.

### In-court identification by a civilian witness.

The defendant requests that the civilian witness be precluded from making an in-court identification of the defendant. The government does not, at this time, intend to ask the civilian witness to make an in-court identification.

The government will however inquire of the witness if he can identify general characteristics of the defendant, i.e. race, build, clothing, etc., etc., etc This line of questioning is completely appropriate and should be allowed.

As in the above response, the Government's stipulation only applies to its direct examination. If the defendant engages in questioning that "opens the door" to the Government inquiring if the witness can identify the defendant, the Government requests that it be allowed, on redirect, to ask the witness if he can identify the defendant and ask if he is in the Courtroom.

Finally, in his papers, the defendant recites efforts he took to obtain the name of the civilian witness. The defendant does not allege that the Government failed to comply with his discovery obligations, and, in fact, the Government has met all of its discovery obligations. The Government has already informed the defendant that it will provide the last name of the civilian witness at least a week before the trial.

## Conclusion.

WHEREFORE, the Government respectfully requests that the Court deny defendant's motion in limine.

Respectfully submitted,

COLM F. CONNOLLY
United States Attorney

By: _____
Shawn E. Martyniak
Special Assistant United States Attorney
1007 Orange Street, Suite 700
Wilmington, DE 19899-2046
(302) 573-6277