IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Criminal Action No. 07-34-SLR |
| TONY CLARK, | : | |
| Defendant. | : | |

**DEFENDANT'S SENTENCING MEMORANDUM**

Defendant, Tony Clark, by and through his undersigned counsel, Eleni Kousoulis, Assistant Federal Public Defender for the District of Delaware, submits the following Sentencing Memorandum in support of his March 18, 2008 sentencing hearing. For the reasons set forth below, Mr. Clark respectfully requests a variance below the Sentencing Guidelines range, and respectfully requests that the Court sentence him to time served, followed by a period of supervised release, with a condition of his supervised release to include a six month period of community confinement. Such a sentence would be sufficient, but not greater than necessary, to comply with the statutory directives set forth in 18 U.S.C. § 3553(a).

**I. FACTUAL BACKGROUND**

On March 6, 2007, the Grand Jury for the District of Delaware indicted Mr. Clark on one count of possession of a firearm by a prohibited person, in violation of 18 U.S.C. § 922(g). Mr. Clark entered a guilty plea to the charge on October 24, 2007. Mr. Clark's personal history and background are fairly set forth in his Presentence Report (PSR), and will not be extensively recounted here.

Mr. Clark would like to explain to the Court, how he came to be in possession of the gun in

this case, and how he feels about his actions now that he has had time to reflect on his conduct. On the day in question, Mr. Clark was at a friend's house when another friend called and asked Mr. Clark if he could bring him his gun. Mr. Clark agreed and was waiting for his friend when he was approached by the police, at which time Mr. Clark discarded the gun. Mr. Clark only possessed the gun momentarily, and Mr. Clark never intended to use the gun for any purpose. He recognizes that he exercised very poor judgment in agreeing to bring the gun to his friend and he is very sorry for his actions. He understands that the fact he did not possess the gun for any illegal purpose, does not excuse his behavior. He wishes the Court to know that he is was wrong to have the gun for any purpose, and that he will never possess any type of firearm for any reason in the future.

Mr. Clark is eager to put this incident behind him and to start fresh. His last place of employment, Walt's Chicken, located on Vandever Avenue, in Wilmington, Delaware, has informed Mr. Clark that they would welcome him back and have a job waiting for him once he is released. Mr. Clark has also obtained his high school diploma, while incarcerated at Salem County Correctional Facility on the present case, and he wishes to further his education in the future[1]. While Mr. Clark hopes to eventually get his HVAC license and has goals to attend college and major in business management, the job at Walt's Chicken will provide him with a way to earn money as he pursues his life's goals.

Mr. Clark has also written a letter to the Court that is attached hereto as "Exhibit B". The letters outlines some valuable lessons Mr. Clark has learned and things he has come to realize since his involvement in this case. Mr. Clark respectfully requests that the Court consider the sentiments he expresses in the letter when imposing sentence in this case.

---

[1] A copy of Mr. Clark's high school diploma is attached hereto as "Exhibit A"

## II. GUIDELINES CALCULATION

As calculated by his PSR, Mr. Clark has a total offense level of 12 and is in Criminal History Category IV. The corresponding Guidelines range is 21 to 27 months.

## III. DISCUSSION

After the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005) rendered the Sentencing Guidelines advisory, district courts must treat the Guidelines as just one of a number of sentencing factors set forth in 18 U.S.C. § 3553(a). This Court, after considering all relevant Section 3553(a) factors, should impose a sentence that represents a variance below the Sentencing Guidelines range, and Mr. Clark respectfully requests that the Court sentence him to time served, followed by a period of supervised release, with a condition of his supervised release to include a six month period of community confinement. Mr. Clark believes that such a sentence would not be inconsistent with Booker and the Supreme Court's subsequent sentencing decisions. See e.g., Kimbrough v. United States, 128 S.Ct. 558 (2007); Gall v. United States, 128 S.Ct. 586 (2007).

The § 3553(a) factors require the Court to consider, *inter alia*, the nature and circumstances of the offense and the defendant's history and characteristics, punishment, the seriousness of the offense and the necessity of deterrence to criminal conduct, and the need to provide a defendant with needed educational or vocational training in the most effective manner. Id.

With regard to punishment, Mr. Clark has already served over a year on this offense. His time in custody has served to punish Mr. Clark. Prior to this case, the most time Mr. Clark had spent in custody is six months. The time Mr. Clark has already spent in custody, represents twice as much time as he has ever previously spent in custody.

As reflected in his letter to the Court, Mr. Clark's new outlook on life shows that Mr. Clark

is committed to living a changed life and to leaving his criminal activity behind. Mr. Clark does not represent a danger to the community and continued incarceration is not necessary to protect the public or to deter Mr. Clark from committing crimes in the future.

Lastly, it also appears that Mr. Clark's assigned Criminal History Category of IV may over-represent the serious of his criminal history. While Mr. Clark offers no excuses for his past crimes, his actual criminal history and the crimes for which he was actually convicted are not as serious as his assigned Criminal History Category suggests. Mr. Clark's most serious offense appears to be his Theft of a Firearm charge from 2001. His involvement in that case occurred almost 7 years ago, when he was only 18 years old. He is a different person now than he was back then, and even since his arrest in the present case, has matured as a person. The other points contributing to his Criminal History Category involve possessory drug offenses. Mr. Clark admits that at the time he picked up those cases, he was suffering from a drug problem. Mr. Clark feels that he would benefit from continued treatment and would like to participate in drug treatment to help him abstain from future drug use. Mr. Clark's recognition that he has a drug problem is a step toward rehabilitation, and his eagerness to seek treatment to stay drug free is also a sign of maturity on his part.

Mr. Clark has accepted responsibility for the instant offense and recognizes that there was no excuse for his possession of the gun in this case. However, as outlined in his letter to the Court, Mr. Clark has learned a great deal from the present experience and has made good use of the time he has spent at Salem. Mr. Clark made the decision on his own to obtain his high school diploma during his present incarceration. Furthermore, Mr. Clark has used the time he has already spent incarcerated on this case, to think about his future and the direction he wants his life to take. He has set short term and long term goals for himself, some of which include attending college and learning a trade, and

mentoring other at-risk youths, in an attempt to keep them from making some of the same mistakes he has made over the years.

The sentence requested by Mr. Clark will reflect the goals of sentencing set forth in Section 3553(a)(2), by reflecting the nature and seriousness of the offense, providing deterrence to future conduct, and allowing Mr. Clark the opportunity to turn his life around and prove to not only the Court and society, but also to himself, that he has what it takes to be a productive, law-abiding citizen. Mr. Clark's reason for requesting a sentence that includes a period of community confinement, is so he can re-integrate himself back into society, and maintain employment while saving some money, with the eventual goal when he is released from community confinement of obtaining an apartment and being a contributing member to society. Mr. Clark's family remains very supportive of him, as is reflected in the letter written on his behalf by his mother, Cassandra Clark, attached hereto as "Exhibit C".

### III. **CONCLUSION**

For all of the above stated reasons, and any other reasons that this Court may find, Mr. Clark respectfully requests that the Court sentence his to time served, followed by a period of supervised release, with a six month placement in community confinement a condition of his supervised release. Such a sentence would be sufficient, but not greater than necessary, to comply with the purposes of punishment: retribution, deterrence, incapacitation and rehabilitation.

                                            Respectfully submitted,

                                            /s/
                                          Eleni Kousoulis, Esquire
                                          Assistant Federal Public Defender

                                          Attorney for Defendant Tony Clark

Federal Public Defender's Office
District of Delaware
704 King Street, Suite 110
Wilmington, Delaware  19801
(302) 573-6010
ecf_de@msn.com

Dated: March 11, 2008

# EXHIBIT "A"

WARNING: THIS DOCUMENT CONTAINS MULTIPLE SECURITY FEATURES INCLUDING WATERMARKED PAPER

# The State of New Jersey
## Board of Education
### Be It Known That

# Tony L. Clark

Having satisfied in full the statutory and regulatory requirements of the State for the

## High School Diploma

has been awarded this diploma with all rights, privileges and honors thereto appertaining.
In witness thereof, the seal of the State of New Jersey and the signature of the
Commissioner of Education are hereto affixed.

March 30, 2007



10000479

Online: http://www.ged123.org
Access Code: VH9JXGXYH

*Lucille E. Davy*
Commissioner of Education

Any Alterations Void This Diploma

# EXHIBIT "B"

Dear Judge Sue Robinson,

       During my incarceration I have learned some valuable lessons. First I have learned that my decisions not only affect me, but they also affect my family, others who care about me, and my surrounding community. During this past year I must say that I have matured a lot. I no longer blame others for my mistakes or the bad decisions I may have made. Today I have no problem admitting when I am wrong. I also do not have a problem asking for help. Whereas in the past, my false pride would get in the way and cause me to become narrow minded and selfish.
       The second lesson that I have encountered is that I must plan my every day. I know that sometimes I may fall short, but I must pick myself up, and not remain stagnated. Because I truly believe if you fail to plan, then you plan to fail. This is the difference between my previous incarcerations. I didn't have a plan. I was just basically setting myself up for failure. But now I am goal orientated. Since being here in Salem County Correctional Facility, I have already achieved one of my short-term goals, and that was receiving my high school diploma. Upon release I plan on taking advantage of the programs that are available to me. I am already Federally Bonded, and I have a possible job lined up for me. I want to go college and major in business management. I also plan on getting my HVAC license in the near future. In closing I would like to say that time changes people; and this time to me that I have spent was definitely life saving. So when I get released I am going to give back to the community, instead of taking away. I want to get involved in the local Boys & Girl's Clubs' Peer Mentor Program, so that they could learn the dangers of the street life from a person who has experienced it first hand. So I truly believe that not all bad came from this situation, and I am going back into society a changed man.

         Sincerely,

         *[signature]*

         Tony L. Clark

# EXHIBIT "C"

March 10, 2008

Your Honorable Judge:

My name is Cassandra Clark and I am the mother of Tony L. Clark. Tony has been incarcerated for a little over a year now awaiting sentencing. I am writing you in hopes that this letter will help in determining my son's sentence.

Tony is my eldest of three children and I love him dearly. My son has good qualities that his record does not show. Tony is a very intellectual young man. He has the capacity to soar to heights unimaginable to you or me, if he is given the chance to prove himself. Tony is kind and warm-hearted and he deeply cares for those close to him, such as his family.

I miss my son and his humor so much. I know Tony has made some mistakes in his youth, but I believe with age comes wisdom. Tony is older and wiser now. I believe Tony has matured and deserves a chance to become the success I know he can be. Tony is an aspiring writer and poet. I truly believe he has a bright future ahead of him. Your honor, if you sat and talked with Tony, you too would see how articulate my son is. Tony is to our family what salt is to a baked potato: SEASONING—without which our family is missing an essential ingredient. Please have mercy on my son and allow him to return to his family and pursue his dream of becoming an accomplished writer.

Sincerely,

*Cassandra W. Clark*

Cassandra M. Clark